IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC DAVID GREISINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-332 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of ) | |
| Social Security ) | |
| ) | |
| Defendant. ) | |

AMBROSE, U.S. Senior District Judge

## OPINION AND ORDER

I. Synopsis

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") and Social Security Benefits ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff protectively filed his application on February 14, 2011, alleging he was disabled beginning August 1, 2009. ECF No. 5-2, 15. After Plaintiff's application was denied initially, he filed a written request to have his application reviewed by an Administrative Law Judge ("ALJ"). *Id.* On September 25, 2012, Plaintiff testified at a hearing before an ALJ. *Id.* On November 16, 2012, the ALJ found that Plaintiff was not disabled under the Act. *Id.* at 27. After exhausting all administrative remedies, Plaintiff filed this action.

Pending before the Court are cross-motions for summary judgment. ECF Nos. [6] (Plaintiff) and [8] (Defendant). Both parties filed briefs in support of their motions. ECF Nos.

1

[7] (Plaintiff) and [9] Defendant. Plaintiff also filed a Reply Brief. ECF No. [10]. The issues are now ripe for review. After careful consideration of the submissions of the parties, and based on my Opinion as set forth below, I deny Plaintiff's motion and grant Defendant's motion for summary judgment.

II. Legal Analysis

A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "[m]ore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998). While the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. § 706.

To be eligible for social security benefits, a plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §§ 404.1520(a) and 416.920(b). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §§ 404.1520, 416.920. A Claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (Steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (Step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

B. Whether the ALJ Erred in Determining Plaintiff's Severe Impairments

At Step Two of the sequential analysis, the ALJ found Plaintiff has the following severe impairments: obesity, low back pain, and depression. ECF No. 5-2, 17. Plaintiff argues that the ALJ erred because he also has the following severe impairments: a heart condition and uncontrolled hypertension, anxiety disorder, and psychotic disorder. ECF No. 7, 13-15.

At Step Two of the analysis, an ALJ must determine whether a claimant has a medically determinable impairment that is severe or a combination of impairments that is severe. 20 C.F.R. §§ 404.1520(a), 416.920(a). An impairment is not severe if it does not significantly limit one's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see also Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003).

Although the ALJ did not find Plaintiff's heart condition, anxiety, and psychotic disorder to be severe, she did find other impairments severe at Step Two. ECF No. 5-2, 17-19. Thus, Plaintiff was not denied benefits at Step Two. Rather, the ALJ proceeded beyond Step Two and considered the Plaintiff's severe and non-severe impairments in the evaluation process. ECF No. 5-2, 20 ("In making this [RFC] finding, I have considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence . . . .") and 20-25 (ALJ developed an RFC that captured any credible physical limitations resulting from Plaintiff's heart condition and any credible mental restrictions stemming from his anxiety). Thus, I agree with Defendant that any purported error was harmless such that a remand on this basis is not warranted. *See Salles v. Comm'r of Soc. Sec.*, 229 Fed. Appx. 140, 144-45 n.2 (3d Cir. 2007) ("Because the ALJ found in [claimant's] favor at Step Two, even if he had erroneously concluded that some of her other impairments were non-severe, any error was harmless.") (citing *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005); *see also Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, *4-5 (W.D. Pa. Mar. 24, 2009); *Hanke v. Astrue*; No. 12-2364, 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).

C. Whether the ALJ Erred in Evaluating the Opinions of Dr. Eisler and Dr. Delaney

Plaintiff argues that the ALJ failed to consider the opinion of Dr. John Delaney, Jr., MD, Plaintiff's treating psychiatrist and that she improperly discounted the medical opinion of Dr. Robert Eisler, M.D., a consultative examiner. ECF No. 7, 15-16. The Plaintiff further argues that the ALJ improperly substituted her own opinion when she failed to give the proper weight to these medical opinions. *Id.* at 16.

The amount of weight accorded to medical opinions is well-established. In his evaluation, an ALJ will give medical opinions the weight she deems appropriate based on various regulatory factors, including whether the opinion is supported by medical signs and laboratory findings and whether the opinion is consistent with the record as a whole. 20 C.F.R. §§ 404.1527(c), 416.927(c). Generally, an ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). Nonetheless, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

Here, the ALJ gave little weight to Dr. Eisler because she found Dr. Eisler's opinion to be internally inconsistent and inconsistent with the overall evidence of record. ECF No. 5-2, 25. The ALJ also found that Dr. Eisler ignored the mental status examination findings and based his opinion solely on the Plaintiff's subjective complaints, which the ALJ found not entirely credible. *Id.* These are valid and acceptable reasons for discounting opinion evidence. *See* 20 C.F.R. §§ 404.1527, 416.927 (Evaluating Opinion Evidence). Furthermore, there is substantial evidence of record to support the ALJ's finding with regard to the opinion of Dr. Eisler. *See* evidence cited at ECF No. 5-2, 23-24; *see also* Exhibits 7E, 12F, 13F, 18F. Moreover, the ALJ did not have to accept Dr. Eisler's opinion that Plaintiff would be "unemployable for this year or more" as the determination of disability under the Act is a legal determination reserved solely for

5

the Commissioner. 20 C.F.R. §§ 404.1527(d), 416.927(d). Accordingly, I find that the ALJ committed no error as to his evaluation of Dr. Eisler.

Regarding the ALJ's consideration of Plaintiff's psychiatrist, Dr. Delaney, I disagree with Plaintiff's claim that the ALJ failed to comment on Dr. Delaney's opinion. To the contrary, the ALJ considered Dr. Delaney's opinion as set forth in the completed questionnaire at Exhibit 15F and explained that she gave it little weight because she found the level of restrictions suggested by Dr. Delaney was inconsistent with the doctor's treatment records at Exhibit 13F. ECF No. 5-2, 24. The ALJ also found Dr. Delaney's opinion contradicted the report by Plaintiff's PCP that Plaintiff was doing well from a psychiatric standpoint and was stable with medication and therapy. *Id.* These are valid and acceptable reasons for discounting Dr. Delaney's opinion and they are supported by substantial evidence in the record. *See* 20 C.F.R. §§ 404.1527, 416.927; *see also* Exhibits 12F, 13F, 15F, and 18F. Consequently, I find no error in this regard.

D. Whether the ALJ Erred in his RFC Determination

Plaintiff further argues that the ALJ's residual functional capacity finding ("RFC") is not supported by substantial evidence. ECF No. 7, 17. Plaintiff states: "[t]here is substantial evidence that Plaintiff is not able to mentally do the work noted in the residual functional capacity determined by the Administrative Law Judge." *Id.* Plaintiff claims that Plaintiff's physical limitations are not covered by an RFC limiting Plaintiff to light work. *Id.* at 18. Additionally, Plaintiff seems to allege that the ALJ improperly gave more weight to the opinions of non-examining physicians. *Id.* at 17.

First, I reiterate that the standard in my review is not whether there is evidence to establish the Plaintiff's position but, rather, whether there is substantial evidence to support the

6

ALJ's finding. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Accordingly, to the extent Plaintiff asks me reverse on this basis, I decline.

" 'Residual Functional Capacity is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s).' " *Fargnoli v. Massanari*, 247 F.3d 34, 40 (3d Cir. 2001) (quoting *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 12, 121 (3d Cir. 2000) (citations omitted); 20 C.F.R. § 404.1545(a)(1) (RFC determination is an assessment of the most an individual can do given his limitations); *see also* Soc. Sec. Reg. 96-8p. In determining a claimant's RFC, all of the claimant's impairments, including those not considered "severe" must be considered. 20 C.F.R. § 404.1545(a)(2). Additionally, the ALJ is required to consider all of the evidence before him, including the medical evidence, a claimant's subjective complaints, and evidence of the complainant's activity level. *Burnett*, 220 F.3d at 121 (citations omitted); *Fargnoli*, 247 F.3d at 41. Further, "the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) (citation omitted).

Here, the ALJ found Plaintiff has the RFC to perform light work, lift 20 pounds occasionally and frequently, stand and walk six hours, sit six hours in an eight-hour day with normal breaks. ECF No. 5-2, 20. The ALJ further limited Plaintiff's RFC to work requiring simple instructions and that is isolated from the public with occasional supervision and occasional interaction with coworkers. *Id.* In making this determination, the ALJ gave a detailed explanation of his consideration of the medical evidence of record. *Id.* at 20-25. As required, the ALJ evaluated all of the medical opinions received. *Id.*; *see* 20 C.F.R. §§ 404.1527(b), 416.927(b); *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). The ALJ gave reasons for any evidence she discounted or rejected, and she considered whether there was

7

reasonable support for the medical source opinions, as well as whether the opinions were consistent with the other substantial evidence of record. *See* Soc. Sec. Reg. 96-2p; 20 C.F.R. § 404.1527(c). I find no error here.

As discussed, *infra*, I find substantial evidence supports the ALJ's reasoning for discounting the opinions of doctors Eisler and Delaney. In his consideration of Dr. Khan, the ALJ explained that she discounted Dr. Khan's narrower range of light exertional work because she found it conflicted with the physical examination findings of record, specifically those of Plaintiff's orthopedic surgeon and PCP. *See* evidence cited at ECF No. 5-2, 24 (discussing Exhibits 4A, 5A, 4F, 17F, and 19F). I find these are valid and acceptable reasons, supported by substantial evidence. Moreover, because I find substantial evidence supports the ALJ's analysis of all the medical evidence in his formulation of Plaintiff's RFC, I find no error and affirm on this issue. *See* evidence cited at ECF No. 5-2, 21-25.

E. Whether the ALJ Improperly Considered Testimony Offered by the Vocational Expert ("VE")

Plaintiff alleges that the ALJ erred by improperly disregarding testimony by the Vocational Expert ("VE") showing that Plaintiff would not be able to engage in substantial gainful activity and by failing to pose accurate hypothetical questions to the VE regarding Plaintiff's impairments. ECF No. 7, 19-20. I disagree.

Hypothetical questions posed to a VE must include all of a claimant's impairments that are supported by the record for the VE's answer to be considered substantial evidence. *Ramirez v. Barnhart*, 372 F.3d 546, 552 (3d Cir. 2004) (internal citations omitted). An ALJ is required to accept only that testimony from the VE which accurately reflects a claimant's impairments. *See*

*Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987) (citing *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984)).

Based on my review of the record, I find there is substantial evidence that the hypothetical question posed by the ALJ accurately reflected Plaintiff's impairments. *See* ECF No. 5-2, 61-62. Additionally, I disagree with Plaintiff's criticism that the ALJ improperly disregarded VE testimony concerning the inability of a person to engage in substantial gainful activity when that person needs to lie down for three to five times a work day, may miss more than one day of work per month, or has an "extreme" impairment in his ability to behave in an emotionally stable manner. ECF No. 7, 20. Because I find that the ALJ accepted the portions of the VE's testimony that addressed only the limitations for which the ALJ found support in the record, Plaintiff's argument has no merit. *See* ECF No. 5-2, 26; ECF No. 5-2, 61-62. Accordingly, on this point, I affirm.

III. Conclusion

Based on the evidence of record and the briefs filed in support thereof, I find there is substantial evidence to support the ALJ's conclusion that Plaintiff is not disabled within the meaning of the Social Security Act. As a result, I deny Plaintiff's motion for summary judgment, and I grant Defendant's motion for summary judgment.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC DAVID GREISINGER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 14-332 |
| CAROLYN W. COLVIN, Commissioner of Social Security | ) |
| Defendant. | ) |

AMBROSE, U.S. Senior District Judge

## ORDER

AND NOW, this 2nd day of February, 2015, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is Ordered that Plaintiff's Motion for Summary Judgment (ECF No. [6]) is DENIED and Defendant's Motion for Summary Judgment (ECF No. [8]) is GRANTED.

BY THE COURT:


/s/ Donetta W. Ambrose
Donetta W. Ambrose
Senior U.S. District Court Judge